**Keith M. RHINEHART,
Plaintiff-Appellant,**

v.

**Beverly STAUFFER, Defendant-Appellee.**

**No. 77–3888.**

United States Court of Appeals,
Ninth Circuit.

Oct. 19, 1979.

Rehearing Denied Aug. 13, 1980.

Daniel J. Clinton, Hollywood, Cal., Phillip Schmidt, Hollywood, Cal., for plaintiff-appellant.

Kenneth E. Kulzick, Los Angeles, Cal., for defendant-appellee.

Before CHAMBERS and KENNEDY, Circuit Judges, and EAST,* District Judge.

PER CURIAM:

■ The trial court ordered this complaint dismissed for failure to comply with the provisions of Fed.R.Civ.P. 11.[1] The plaintiff had filed a complaint claiming over $1,000,000 damages by reason of an alleged defamation communicated about him to police officials. The trial judge dismissed the complaint after it appeared the plaintiff's attorney had not pursued communication with his client and was unable to conduct any meaningful discussion of the case with opposing counsel.

---

\* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1. The relevant portions of rule 11 provide:
   The signature of an attorney constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading had not been served.

There appear to be no legitimate reasons for the attorney's failing to discuss the case directly with his client. Before filing a civil action, the attorney has a duty to make an investigation to ascertain that it has at least some merit, and further to ascertain that the damages sought appear to bear a reasonable relation to injuries actually sustained. This is one of the purposes of F.R.Civ.P. 11. *See, e. g., Miller v. Schweickart*, 413 F.Supp. 1059, 1061–62 (S.D.N.Y.1976). The failure of plaintiff's attorney to discharge this duty, and the failure of the plaintiff to take affirmative steps to advise the attorney of such matters, rather than relying upon friends to convey hearsay information in a casual way, prejudiced defense counsel in their preparation of the case. A district court has the power to dismiss a complaint if it is frivolous or brought for some ulterior purpose. *Brown v. District Unemployment Compensation Board*, 411 F.Supp. 1001, 1001–02 (D.D.C.1975). *Cf. also Ramsey v. United States*, 448 F.Supp. 1264, 1275–76 (N.D.Ill.1978). We recognize that a motion to dismiss under rule 11 should not be frequently granted, *cf.* C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1334 (1969 & Supp.1978). In this case, however, we cannot say that the district court misused its discretion. *Cf.* The Emerging Deterrence Orientation in the Imposition of Discovery Sanctions, 91 Harv. L.Rev. 1033, 1044–55 and cases cited therein (1978).

AFFIRMED.