**In the Matter of Ronald DALTON and Patricia L. Dalton, Debtors.**

**Bankruptcy No. 88–30220.**

United States Bankruptcy Court,
M.D. Georgia,
Athens Division.

Feb. 3, 1989.

Robert E. Dunn, Bill Parker, Bill Parker & Associates, Atlanta, Ga., Anne Martin, Athens, Ga., for debtors.

Camille Hope, Macon, Ga., for the trustee.

ROBERT F. HERSHNER, Jr., Chief Judge.

STATEMENT OF THE CASE

Ronald Dalton and Patricia L. Dalton, Debtors, filed a petition for relief under Chapter 13 of the Bankruptcy Code on May 3, 1988. A hearing on confirmation of Debtors' Chapter 13 plan was held on August 31, 1988. An order confirming Debtors' Chapter 13 plan was entered on October 11, 1988.

On September 16, 1988, Camille Hope, Trustee, notified the Court that the fee application submitted by Bill Parker & Associates, attorneys for Debtors, failed to include an itemization of time. The Court deemed it appropriate to hold a hearing on

attorney fees in this bankruptcy case. A hearing was held on October 27, 1988.[1] At the conclusion of the hearing, the Court denied the application for attorney fees and ordered that Bill Parker & Associates pay to the office of Trustee the sum of ninety dollars, which Debtors had paid as a retainer fee.

Following the Court's ruling, Mr. Bill Parker requested that the Court issue written findings of fact and conclusions of law. The Court, having considered this request and being of the opinion that guidance and clarification are appropriate, now publishes this memorandum opinion.

## FINDINGS OF FACT

In November of 1987, Patricia L. Dalton telephoned the law firm of Bill Parker & Associates to discuss the possibility of filing a bankruptcy petition.[2] Following the telephone conversation, the law firm sent Mrs. Dalton some forms through the mail. She completed the forms and returned them to the law firm along with ninety dollars to cover the filing fee for a Chapter 13 bankruptcy petition. Using the information furnished by Mrs. Dalton, Bill Parker & Associates then filled out the Chapter 13 petition and the Chapter 13 Statement. Bill Parker & Associates then mailed to Mrs. Dalton the completed Chapter 13 petition and statement. The Daltons did not execute and return the petition and statement because they did not have the ninety-dollar retainer that Bill Parker & Associates required. It was not until May 1988 that the Daltons returned the executed petition and statement to Bill Parker & Associates along with the ninety-dollar retainer.

In April of 1988, prior to the filing of the Daltons' Chapter 13 case, Covington Credit Corporation took possession of several items of the Daltons' personal property through a writ of possession.

The Chapter 13 petition and statement were signed by the Daltons and returned to the law firm in May of 1988. The petition and statement were filed with the Court on May 3, 1988. Bill Parker & Associates did not attempt to update the information contained in the Chapter 13 petition and statement before filing the documents, although the law firm did change the date on the documents. As a result, some of the information filed with the Court was false. The statement of personal property lists two cars which the Daltons owned in November of 1987. Neither of these cars was owned by the Daltons in May of 1988. The information concerning the Daltons' places of employment is also incorrect. Furthermore, the exhibits attached to the petition are incomplete. Item seven of the petition states that a declaration or affidavit in the form of Exhibit "B" is attached to or made a part of the Chapter 13 petition. No such exhibit was attached.[3]

The Daltons failed to notify Bill Parker & Associates of the changed information when they returned the executed documents for filing. Mrs. Dalton testified that the law firm made no attempt to verify the accuracy of the documents when she returned them, even though more than five months had elapsed before the documents were signed and returned. Bill Parker & Associates was first made aware of the changes during the section 341 meeting held in June of 1988.

## CONCLUSIONS OF LAW

Rule 1008 of the Rules of Bankruptcy Procedure requires that "[a]ll petitions, ..., Chapter 13 statements and amend-

---

1. This case was one of several heard on this date, each of which concerned the application for attorney fees filed by Bill Parker & Associates.

2. Apparently, Bill Parker & Associates never talked to Mr. Dalton before the filing of the Daltons' Chapter 13 case.

3. Exhibit B should contain the following information:

I, ........, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.
Executed on ........
    Signature .....................
                    Attorney for Petitioner

ments thereto"[4] be verified or contain an unsworn declaration as provided in section 1746 of title 28 of the United States Code.[5] Bankruptcy Rule 9011 requires that the debtor's attorney sign the petition to certify that it is filed in good faith.[6]

The Chapter 13 petition filed by the Daltons contained the following statement:

"I (We), *Ronald Dalton & Patricia L. Dalton,* the petitioner(s) named in the foregoing petition, declare under penalty of perjury that the foregoing is true and correct."

Following this statement is the signature of Mr. and Mrs. Dalton, dated May 2, 1988.[7] The Chapter 13 statement bears the following similar statement, also signed by Mr. and Mrs. Dalton and dated May 2, 1988:[8]

### Unsworn Declaration under Penalty of Perjury of Individual to Schedules A and B

I/we, *Ronald Dalton* and *Patricia L. Dalton* declare under penalty of perjury that I/we have read the foregoing schedules, consisting of ____ sheets, and that they are true and correct to the best of my/our knowledge, information and belief.

Mrs. Dalton testified that she read each of these statements at home before she signed the documents. She further testified, however, that her attorney never attempted to explain the significance of these statements to her. Mrs. Dalton's testimony reveals that she never met with her attorneys for any type of conference or consultation. She testified that the only meetings with her attorneys occurred during the section 341 meeting and the hearing on attorney fees. All other contacts, which appear to be rather limited at best, were initiated by Mrs. Dalton and were handled entirely by telephone. The evidence does not reflect any contact whatsoever between Mr. Dalton and the law firm.

The procedures followed by Bill Parker & Associates in this case resulted in the Daltons verifying information which they knew to be false. Having heard the testimony of Mrs. Dalton and having observed her demeanor, the Court is not of the opinion that she intended to deceive the Court by filing false information. Rather, the Court is persuaded that Mr. and Mrs. Dalton did not comprehend the significance of the statements which they signed. Although Mrs. Dalton testified that she read and understood the statements, the Court is of the opinion that the statements carry a legal significance which Bill Parker & Associates had a professional duty to convey to the Daltons.

Bill Parker & Associates failed to attach Exhibit "B" to the Daltons' Chapter 13 petition. Exhibit "B" is a signed statement by a debtor's attorney stating that the attorney has explained to the debtor the relief available under the various chapters of the Bankruptcy Code. The Court questions whether Bill Parker & Associates could have signed such a statement in good faith in this case, since there is no evidence that the law firm has ever spoken with Mr. Dalton, who is a debtor in this Chapter 13 case.

The failure of Bill Parker & Associates to meet with the Daltons concerning the contents of their Chapter 13 petition and statements resulted in the filing of false information with the Court. The failure of the law firm to counsel the Daltons resulted in the Daltons verifying as true information which they knew to be false. In the Court's view, allowing attorneys to file documents without attempting to ascertain the accuracy of the information contained therein creates an open invitation to misuse the bankruptcy process for personal gain. *Cf. In re Cadet,* 56 B.R. 301 (Bankr.E.D.N.Y.1985 (abuse of bankruptcy law is aggravated by giving false information in Chapter 13 petition prepared by law firm. With-

---

**4.** R. Bankr. P. 1008.

**5.** 28 U.S.C.A. § 1746 (West Supp.1988).

**6.** R. Bankr. P. 9011.

**7.** This date had been altered. It originally was dated November 1987.

**8.** This date was also altered, as it originally read November 1987.

out sanctions, court has no means of discouraging debtors and attorneys from submitting inaccurate and false documents to the court in Chapter 13 cases).

In addition to filing false information with the Court, the procedures followed by Bill Parker & Associates resulted in the Daltons losing property to Covington Credit Corporation. By asking for a retainer when the Bankruptcy Code provides a means for paying attorney fees in Chapter 13 cases, Bill Parker & Associates caused the Daltons to forego the protection of the Bankruptcy Code for a period of five months. The Court cannot condone such self-serving procedures, particularly when the procedures work to the detriment of the client.

This Court believes that the practice of bankruptcy law involves more than completing forms and answering telephone calls. This Court believes that an attorney has an affirmative duty to meet with his or her clients, to counsel those clients regarding the legal significance of their actions and to answer any questions or concerns which the clients may raise. The Court finds that the procedures followed by Bill Parker & Associates fail to meet this minimum standard.

Section 329 of the Bankruptcy Code provides that if compensation received by an attorney exceeds the reasonable value of the services rendered by the attorney for a Chapter 13 debtor, then the Court may order the return of such payment.[9] Having examined the services rendered by Bill Parker & Associates in this bankruptcy case, the Court has determined that Bill Parker & Associates is not entitled to an award of attorney fees and must pay the ninety-dollar retainer to the office of the Chapter 13 trustee.

An order in accordance with this opinion is attached hereto.

---

**9.** 11 U.S.C.A. § 329(b) (West Supp.1988).