In the Matter of Ronald DALTON, et al., Debtors.

**BILL PARKER & ASSOCIATES, Appellant,**

v.

**Camille HOPE, Chapter 13 Trustee, Appellee.**

Civ. No. 89–24–ATH (DF).
Bankruptcy No. 88–30220.

United States District Court,
M.D. Georgia,
Athens Division.

May 2, 1989.

Robert E. Dunn, Bill Parker, Anne Martin, Athens, Ga., for appellant.

Camille Hope, Macon, Ga., Chapter 13 Trustee.

## ORDER

FITZPATRICK, District Judge.

The above-referenced action is before this court on appeal from the United States

Bankruptcy Court for the Middle District of Georgia. The Appellant is Bill Parker & Associates, the law firm representing the Debtors in the bankruptcy action below. Appellant contends that the bankruptcy court erred in denying its fee application in the amount of $550.00. 95 B.R. 857.

Both parties agree that the applicable standard of review is found in Bankruptcy Rule 8013. This Rule provides that a district court must accept the bankruptcy court's findings of fact unless they are shown to be clearly erroneous. Bankr.R. 1013 (West 1984); *see also State Farm Mutual Auto Ins. Co. v. Fielder,* 799 F.2d 656, 657 (11th Cir.1986). In the instant case, the bankruptcy court held a hearing on the attorney's fee question. The testimony at the hearing showed that the Debtors never met their attorneys until the required meeting of creditors and equity security holders pursuant to 11 U.S.C. § 341. All prior contact between the Debtors and their attorneys had taken place through the mail or by telephone. The testimony also showed that approximately six months elapsed between initial contact by the Debtors with the Appellant and the return of a completed petition for filing. During this six month period, the Appellant made no effort to verify the accuracy of the petition, which resulted in false information being filed with the court.

The bankruptcy court made the following findings:

This Court believes that the practice of bankruptcy law involves more than completing forms and answering telephone calls. This Court believes that an attorney has an affirmative duty to meet with his or her clients, to counsel those clients regarding the legal significance of their actions, and to answer any questions or concerns which the clients may raise.

Record 13–8. The bankruptcy court was concerned that the attorneys never met with the Debtors before initiating the bankruptcy process, and that the attorneys failed to verify the accuracy of the petition before it was filed. The bankruptcy court's findings imply that the relief obtained by the Debtors in this case was not a result of the work of their attorneys, who merely provided the necessary forms, but a result of the bankruptcy system itself.

The bankruptcy court's decision to deny the fee application was authorized under 11 U.S.C. § 329(b) which states in part:

If [a request for] compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment. . . .

11 U.S.C. § 329(b) (Supp.1989). The bankruptcy court disallowed Appellant's entire compensation request finding that the service rendered failed to meet even the minimum standards for bankruptcy practice. After a careful review of the record, this court finds that the bankruptcy court's findings are not clearly erroneous. Moreover, to the extent the bankruptcy court's ruling could be considered a conclusion of law, this court finds that such conclusion was a proper one in light of the circumstances involved in this case.

Accordingly, the ruling of the bankruptcy court denying Appellant's fee application is hereby AFFIRMED.

SO ORDERED.