**In the Matter of Blenda Joice RAINWATER, Debtor.**

**Bankruptcy No. 88–30426.**

United States Bankruptcy Court, M.D. Georgia, Athens Division.

May 15, 1989.

Robert E. Dunn, of Bill Parker & Associates, Atlanta, Ga., Anne Martin of Bill Parker & Associates, Athens, Ga., for debtor.

William M. Flatau of Brown, Katz, Flatau & Hasty, Macon, Ga., Chapter 7 trustee.

1. *See* R.Bankr.P. 2017.

Mark W. Roadarmel, Attorney–Advisor, Office of U.S. trustee, Macon, Ga., for U.S. trustee.

MEMORANDUM OPINION ON MOTION TO EXAMINE PAYMENT MADE TO ATTORNEYS FOR DEBTOR

ROBERT F. HERSHNER, Jr., Chief Judge.

STATEMENT OF THE CASE

Blenda Joice Rainwater, Debtor, filed a petition seeking relief under Chapter 7 of the Bankruptcy Code on September 16, 1988. On January 6, 1989, William M. Flatau, Trustee, filed a "Motion to Examine Payment Made to Attorneys for Debtor."[1] In his motion, Trustee seeks to have Debtor's attorneys refund all fees received in this bankruptcy case. Trustee also seeks sanctions in the form of attorney fees and expenses pursuant to Rule 11 of the Federal Rules of Civil Procedure.[2] Trustee contends that the services rendered by Bill Parker & Associates, attorneys for Debtor, are of substandard quality and that their fees should be reduced accordingly.

A hearing on the motion was held on February 1, 1989. At the close of the hearing, the Court instructed Trustee, Bill Parker & Associates, and the United States Trustee to submit letter briefs to the Court. Bill Parker & Associates failed to submit a brief.

The Court, having considered the evidence presented and the briefs of counsel, now publishes its findings of fact and conclusions of law.

FINDINGS OF FACT

Debtor telephoned Bill Parker & Associates to inquire about the possibility of filing a bankruptcy petition. Debtor selected this law firm based upon an advertisement which her daughter had seen in the telephone directory. Debtor's initial telephone conversation lasted no more than fifteen

2. Fed.R.Civ.P. 11. *See also* R.Bankr.P. 9011.

minutes. Debtor spoke with Mr. Robert Dunn, attorney.

Following this initial phone conversation, Bill Parker & Associates mailed to Debtor a set of evaluation forms. These forms were drafted by the law firm. Debtor completed the forms and returned them to the law firm. Mr. Dunn reviewed the forms and from the information contained therein determined that Debtor should file for relief under Chapter 7 of the Bankruptcy Code rather than Chapter 13. Debtor was then sent a second set of evaluation forms which were substantially similar to the first set of forms. Debtor completed the second set of forms and mailed them back to the law firm.

Upon receiving the second set of completed evaluation forms, Mr. Dunn reviewed the forms and then gave them to a secretary. The secretary then transferred the information in the evaluation forms on to a Chapter 7 petition.[3] Mr. Dunn testified that it is the usual practice at Bill Parker & Associates for the secretaries to fill out the bankruptcy petitions without assistance from an attorney.

After the Chapter 7 petition was filled in by the secretary, the original petition was mailed to Debtor. Debtor was instructed, through a cover letter, to note any changes to the petition, to sign the petition, and to return it to the law firm with a money order for $300. Of this amount, $90 was intended to cover the filing fee and $210 was intended as attorney fees.

The signed petition was then mailed to Ms. Anne Martin.[4] Ms. Martin is represented to be an associate of Bill Parker & Associates. Ms. Martin read and signed the petition as attorney for Debtor. Ms. Martin had never spoken with Debtor and had never reviewed any of Debtor's financial records. At no time was Debtor ever asked to submit any tax returns, bills, or other financial records to Bill Parker & Associates.

Debtor met Ms. Martin for the first time at the section 341[5] meeting. Because of certain problems with Debtor's Chapter 7 petition, Trustee questioned Debtor on the amount of time she had spent with her attorney. In particular, Trustee has noted the following problems with Debtor's Chapter 7 petition: (1) many of the questions are illegible, (2) several of the questions have been left blank, (3) the dollar values listed on certain pieces of property are inconsistent, (4) Exhibit "B" is not attached, (5) Debtor lists no cash on hand, and (6) petition shows that Debtor has made no payments to attorneys within the past year.

## CONCLUSIONS OF LAW

Bankruptcy Rule 2017 provides:

(a) Payment or transfer to attorney before commencement of case

On motion by any party in interest or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor, to an attorney for services rendered or to be rendered is excessive.

(b) Payment or transfer to attorney after commencement of case

On motion by the debtor or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after the commencement of a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefor is for services in any way related to the case.

R. Bankr. P. 2017.

An examination of a payment to an attorney requires the Court to determine the

---

**3.** As used in this opinion, the term "petition" encompasses the petition, the Statement of Affairs, and the schedules.

**4.** The record is unclear concerning whether Debtor or the Atlanta office of Bill Parker & Associates mailed the petition to Ms. Martin.

**5.** 11 U.S.C.A. § 341 (West Supp.1989).

reasonable value of the services rendered and to discern whether any excess payment was made by comparing the reasonable value of the services rendered to the value given or promised to the attorney. The examination must be made on a case-by-base basis. Although an attorney may engage in a pattern of conduct in a series of cases, the Court must examine the services rendered in each case to determine their value. 8 *Collier on Bankruptcy* ¶ 2017.06[2] (15th ed. 1989).

■ Thus, the Court must determine the value of the services rendered. From the testimony presented, the Court finds that only a minimum of contact occurred between Debtor and Bill Parker & Associates. Debtor made the initial contact by a telephone call which lasted less than fifteen minutes. Debtor spoke with the law firm two or three more times, each call lasting less than fifteen minutes. Debtor did not meet her attorney until Debtor attended the section 341 meeting of creditors. Debtor tried unsuccessfully on at least two occasions to reach her attorney to discuss a problem she was experiencing with a creditor. Debtor later attempted to call the creditor's attorney because she was unable to reach her attorney. Eventually, Debtor became so frustrated that she contacted Trustee in an attempt to resolve her problems.

The Court notes that Debtor's Chapter 7 petition contains omissions, mistakes, and incorrect answers. Of particular note is an automobile which is listed on the petition with a value of $10,000 and $1,000. The actual value of the automobile was later determined to be $4,768.84. Several of the questions on the Chapter 7 petition are illegible. Exhibit B is not attached and filed with Debtor's Chapter 7 petition as required.

Bill Parker & Associates has taken the position that it is not necessary to interview clients in person in order to practice bankruptcy law competently. The law firm contends that the evaluation forms which it mails out adequately replace the traditional interview. Having listened to the testimony of Debtor, this Court strongly dis-agrees. Although Debtor testified that she understood the questions on the evaluation forms, it is obvious to the Court that Debtor was unaware of the legal significance of some of the questions. For example, Debtor did not understand that the term "property" includes items such as books and insurance policies. When asked the value of her car, Debtor responded with the purchase price rather than the current market value. In the Court's view, these problems could easily have been eliminated if Debtor had been adequately counselled.

Furthermore, the Court is very concerned to learn that Ms. Martin, or any other attorney, would sign and file a bankruptcy petition without having any personal contact with the debtor or reviewing the debtor's financial records. Ms. Martin had not spoken with Debtor. Ms. Martin had not even had the questionable benefit of reviewing the evaluation forms which Debtor completed. Ms. Martin never questioned the information contained in the petition, even though some of the information is incorrect on its face. Ms. Martin did not even question the illegibility of the documents upon which she placed her signature. This Court will not tolerate such inattentive procedures. As this Court has previously noted, allowing attorneys to file documents without attempting to ascertain the accuracy of the information contained therein creates an open invitation to misuse the bankruptcy process for personal gain. *In re Dalton,* 95 B.R. 857, 859 (Bankr.M.D. Ga.), *aff'd sub nom. Bill Parker & Assocs. v. Hope (In re Dalton ),* Civ. No. 89–24–ATH, —— B.R. —— (M.D. Ga. May 2, 1989) (citation omitted).

"[T]he practice of bankruptcy law involves more than completing forms and answering telephone calls.... [A]n attorney has an affirmative duty to meet with his or her clients, to counsel those clients regarding the legal significance of their actions and to answer any questions or concerns which the clients may raise." *In re Dalton,* 95 B.R. at 860. "In connection with representation of any clients' interests, '... the attorney has a duty to make an investigation and ascertain that it has at

least some merit. . . .' This basic obligation surely connotes that the attorney has at least met with the debtor, discussed in some detail the financial background of the debtor and ... reviewed certain basic financial records such as tax returns, bills or other evidence of indebtedness, and related financial information and documentation." *In re Crestwell,* 30 B.R. 619, 620–21 (Bankr.D.C.1963) (quoting *Rhinehart v. Stauffer,* 638 F.2d 1169 (9th Cir.1980)).

In this Court's view, the procedures followed by Bill Parker & Associates fail to meet the minimum standards required for the competent practice of bankruptcy law. This Court will simply not tolerate the substandard results achieved from a "mail order" practice of law.

Debtor has already paid Bill Parker & Associates $210 in attorney fees. Section 329 of the Bankruptcy Code provides that the Court may order the return of any payment made by a debtor to his attorney in connection with the bankruptcy case to the extent that the payment exceeds the reasonable value of the services rendered.[6]

Based upon the quality and degree of representation and the services rendered, this Court finds that Bill Parker & Associates is entitled to receive no award of attorney fees in this case.

■ Trustee has requested sanctions in the form of attorney fees pursuant to section 105[7] of the Bankruptcy Code and Bankruptcy Rule 9011.[8] Trustee has submitted an itemization of time in support of his motion. The Court notes that some of the time included in Trustee's itemization was not spent in Debtor's Chapter 7 bankruptcy case. The Court will disallow this time in its consideration of Trustee's motion.

The signature of an attorney on a Chapter 7 petition constitutes a certificate that the attorney has read the document and that to the best of the attorney's knowledge, information, and belief *formed after reasonable inquiry* it is well grounded in fact and warranted by existing law.[9] The Court concludes that Bill Parker & Associates failed to meet this standard. Bill Parker & Associates filed Debtor's chapter 7 petition without meeting Debtor, without counselling Debtor regarding the legal significance of the documents she was signing, and without reviewing any of Debtor's financial records.

Having reviewed the evidence in this Chapter 7 bankruptcy case and the procedures followed by Bill Parker & Associates and the results obtained by those procedures, the Court finds that the imposition of sanctions in the form of attorney fees is appropriate. In reviewing Trustee's itemization of time, the Court concludes that 13.8 hours of Trustee's time are directly related to the failure of Bill Parker & Associates to follow the requirements of Rule 9011. The Court has disallowed the time expended by Trustee prior to filing of the motion for examination under Rule 2004. The Court has also disallowed the time expended by Trustee in the case of *In re White.*[10] Ms. Sandra Popson, an associate of Trustee, expended 3.0 hours drafting Trustee's brief. The Court will consider this time in making an appropriate award. Having considered the time expended because of the failure of Bill Parker & Associates to comply with Rule 9011, the Court is persuaded that $1,000 in attorney fees should be assessed against Bill Parker & Associates. Accordingly, Trustee's request will be granted in the amount of $1000.

An order in accordance with this opinion is attached hereto.

### ORDER

Based upon the attached and foregoing findings of fact and conclusions of law; it is

ORDERED that Bill Parker & Associates is denied an award of attorney fees; and it is further

---

6. 11 U.S.C.A. § 329(b) (West Supp.1989).

7. 11 U.S.C.A. § 105 (West Supp.1989).

8. R.Bankr.P. 9011.

9. *Id.*

10. *In re White,* 100 B.R. 619 (Bankr.M.D.Ga. 1989).

ORDERED that Bill Parker & Associates pay to the office of William M. Flatau, Trustee, the sum of $210; and it is further

ORDERED that sanctions in the amount of $1,000 hereby are imposed upon Bill Parker & Associates; and it is further

ORDERED that Bill Parker & Associates hereby is directed to pay to William M. Flatau, Trustee, the sum of $1000, which sum is to be paid within ten days of this order becoming final; and it is further

ORDERED that this order be entered on the docket on the date set out below.

SO ORDERED.