**In the Matter of Roger Hugh WHITE and Cheryl Ann White, Debtors.**

**Bankruptcy No. 88–30506.**

United States Bankruptcy Court,
M.D. Georgia,
Athens Division.

May 15, 1989.

Robert E. Dunn of Bill Parker & Associates, Atlanta, Ga., Anne Martin of Bill Parker & Associates, Athens, Ga., for debtors.

William M. Flatau of Brown, Katz, Flatau & Hasty, Macon, Ga., Chapter 7 Trustee.

Mark W. Roadarmel, Atty. Advisor, Office of U.S. Trustee, Macon, Ga., for U.S. Trustee.

## MEMORANDUM OPINION ON MOTION TO EXAMINE PAYMENT MADE TO ATTORNEYS FOR DEBTORS

ROBERT F. HERSHNER, Jr., Chief Judge.

### STATEMENT OF THE CASE

Roger Hugh White and Cheryl Ann White, Debtors, filed a petition seeking relief under Chapter 7 of the Bankruptcy Code on October 24, 1988. On January 6, 1989, William M. Flatau, Trustee, filed a "Motion to Examine Payment Made to Attorneys for Debtors."[1] In his motion, Trustee seeks to have Debtors' attorneys refund all fees received in this bankruptcy

1. *See* R.Bankr.P. 2017.

case. Trustee also seeks sanctions in the form of attorney fees and expenses pursuant to Rule 11 of the Federal Rules of Civil Procedure.[2] Trustee contends that the services rendered by Bill Parker & Associates, attorneys for Debtors, are of substandard quality and that their fees should be reduced accordingly.

A hearing on the motion was held on February 1, 1989. At the close of the hearing, the Court instructed Trustee, Bill Parker & Associates, and the United States Trustee to submit letter briefs to the Court. Bill Parker & Associates failed to submit a brief.

The Court, having considered the evidence presented and the briefs of counsel, now publishes its findings of fact and conclusions of law.

### FINDINGS OF FACT

The procedures followed by Bill Parker & Associates in this Chapter 7 bankruptcy case generally parallel those procedures outlined by the Court in its opinion in *In re Rainwater*.[3] In the interests of economy, those procedures will not be set forth in great detail in this opinion.

The initial contact between Debtors and Bill Parker & Associates was made by telephone. Mrs. White telephoned the law firm based upon an advertisement in the telephone directory. Following this conversation, Debtors received a set of evaluation forms in the mail from the law firm. Debtors completed the forms and returned them to Bill Parker & Associates. Debtors then received a second set of evaluation forms, which they also completed and mailed back to the law firm. These evaluation forms were then given to a secretary at the law firm who transferred the information in the evaluation forms to a Chapter 7 petition.[4] The secretary was not assisted by an attorney. Mr. Robert Dunn, attorney, testified that he reviewed the Chapter 7 petition after the secretary completed it, however he admitted that he did not review the documents carefully and in fact merely scanned them.

The original copy of the Chapter 7 petition was then mailed to Debtors with instructions to note necessary changes and to sign and return the document with a money order for $300. Of this amount, $90 was intended to cover the filing fee and $210 was intended as attorney fees. Debtors followed these instructions. The law firm then mailed the petition to Ms. Anne Martin, who signed and filed it as attorney for Debtors. Ms. Martin is represented to be an associate of Bill Parker and Associates. Debtors met Ms. Martin for the first time at the section 341 meeting of creditors.

Debtors had only minimal contact with Bill Parker & Associates. Except for the section 341 meeting, all of their contact occurred through telephone conversations. Mrs. White spoke with someone at the law firm on three occasions for a total time of less than twenty-five minutes. Mr. White contacted the law firm one time; the conversation lasted five to ten minutes. The law firm conducted virtually no investigation into Debtors' financial affairs. The law firm never requested that Debtors provide them with tax returns, bills or other evidence of indebtedness, or any other related financial information or documentation before the Chapter 7 petition was filed. Mr. White did send the law firm a copy of a lawsuit in which he was involved and attached to this lawsuit was a copy of a mortgage note. Mr. White could not recall whether the law firm had requested a copy of the lawsuit or whether he had sent them a copy on his own initiative. It was not until after the petition had been filed and creditors continued to harass Debtors that Debtors were instructed to send copies of their bills to Ms. Martin.

Trustee has noted the following problems with Debtors' Chapter 7 petition: (1) the documents are incomplete, (2) Exhibit "B" is not attached, (3) the Chapter 7 peti-

---

2. Fed.R.Civ.P. 11. *See also* R.Bankr.P. 9011.

3. *In re Rainwater*, 100 B.R. 615 (Bankr.M.D.Ga. 1989).

4. As used in this opinion, the term "petition" encompasses the petition, the Statement of Affairs, and the schedules.

tion is not dated, (4) certain questions are answered incorrectly, (5) the Statement of Affairs is not dated, (6) the schedules fail to list the market value for certain property, (7) the schedules are inconsistent regarding the ownership of certain property, and (8) the notice to individual consumers and the acknowledgement are not dated.

## CONCLUSIONS OF LAW

Bankruptcy Rule 2017 provides:

(a) Payment or transfer to attorney before commencement of case

On motion by any party in interest or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property by the debtor, made directly or indirectly and in contemplation of the filing of a petition under the Code by or against the debtor, to an attorney for services rendered or to be rendered is excessive.

(b) Payment or transfer to attorney after commencement of case

On motion by the debtor or on the court's own initiative, the court after notice and a hearing may determine whether any payment of money or any transfer of property, or any agreement therefor, by the debtor to an attorney after the commencement of a case under the Code is excessive, whether the payment or transfer is made or is to be made directly or indirectly, if the payment, transfer, or agreement therefor ·is for services in any way related to the case.

R.Bankr.P. 2017.

■ An examination of a payment to an attorney requires the Court to determine the reasonable value of the services rendered and to discern whether any excess payment was made by comparing the reasonable value of the services rendered to the value given or promised to the attorney. The examination must be made on a case-by-case basis. Although an attorney may engage in a pattern of conduct in a series of cases, the Court must examine the services rendered in each case to determine their value. 8 *Collier on Bankruptcy* ¶ 2017.06[2] (15th ed. 1989).

Section 329 of the Bankruptcy Code provides that the Court may order the return of any payment made by a debtor to his attorney in connection with the bankruptcy case to the extent that the payment exceeds the reasonable value of the services rendered.[5] Thus, the Court must determine the value of the services rendered. From the testimony presented, the Court finds that only a minimum of contact occurred between Debtors and Bill Parker & Associates. Debtors made the initial contact with Bill Parker & Associates by a telephone call. Virtually all contact between Debtors and Bill Parker & Associates occurred through telephone conversations. Debtors did not meet their attorney until they attended the section 341 meeting of creditors. The Court notes that Debtors' Chapter 7 petition contains omissions, mistakes, and incorrect answers. Exhibit B is not attached and filed with Debtors' Chapter 7 petition as required. The date of execution is omitted from several of the documents.

Bill Parker & Associates has taken the position that it is not necessary to interview clients in person in order to practice bankruptcy law competently. The law firm contends that the evaluation forms which it mails out adequately replace the traditional interview. Having listened to the testimony of Debtors, this Court strongly disagrees. It is obvious to the Court that Debtors were unaware of the legal significance of some of the questions. Bill Parker & Associates has conducted virtually no investigation into Debtors' financial situation. The law firm has done little more than fill in some preprinted forms, and even this task was not completed in a competent manner. Trustee expressed concern that the poorly completed Chapter 7 petition could expose Debtors to creditor actions under section 727 of the Bankruptcy Code. This Court finds Trustee's concerns to be well founded.

---

5. 11 U.S.C.A. § 329(b) (West Supp.1989).

Furthermore, the Court is very concerned to learn that Ms. Martin, or any other attorney, would sign and file a bankruptcy petition without having any personal contact with the debtors or reviewing the debtors' financial records. Ms. Martin had not spoken with Debtors. Ms. Martin had not even had the questionable benefit of reviewing the evaluation forms which Debtors completed. Ms. Martin never questioned the information contained in the Chapter 7 petition. This Court will not tolerate such inattentive procedures. As this Court has previously noted, allowing attorneys to file documents without attempting to ascertain the accuracy of the information contained therein creates an open invitation to misuse the bankruptcy process for personal gain. *In re Dalton,* 95 B.R. 857, 859 (Bankr.M.D.Ga.), *aff'd sub nom. Bill Parker & Assocs. v. Hope (In re Dalton),* 101 B.R. 820 (M.D.B.R. 1989) (citation omitted).

"[T]he practice of bankruptcy law involves more than completing forms and answering telephone calls.... [A]n attorney has an affirmative duty to meet with his or her clients, to counsel those clients regarding the legal significance of their actions and to answer any questions or concerns which the clients may raise." *In re Dalton,* 95 B.R. at 860. "In connection with representation of any clients' interests, '... the attorney has a duty to make an investigation and ascertain that it has at least some merit....' This basic obligation surely connotes that the attorney has at least met with the debtor, discussed in some detail the financial background of the debtor and ... reviewed certain basic financial records such as tax returns, bills or other evidence of indebtedness, and related financial information and documentation." *In re Crestwell,* 30 B.R. 619, 620–21 (Bankr.D.C.1983) (quoting *Rhinehart v. Stauffer,* 638 F.2d 1169 (9th Cir.1980)).

■ In this Court's view, the procedures followed by Bill Parker & Associates fail to

meet the minimum standards required for the competent practice of bankruptcy law. This Court will simply not tolerate the substandard results achieved from a "mail order" practice of law. Based upon the quality and degree of representation and the services rendered, this Court finds that Bill Parker & Associates is not entitled to receive an award of attorney fees in this bankruptcy case.

■ Trustee has requested sanctions in the form of attorney fees pursuant to section 105[6] of the Bankruptcy Code and Bankruptcy Rule 9011.[7] Trustee has submitted an itemization of time in support of his motion. The Court notes that some of the time included in Trustee's itemization was not spent in Debtors' Chapter 7 bankruptcy case. The Court will disallow this time in its consideration of Trustee's motion. The Court further notes that much of the time which Trustee has included in his itemization was awarded compensation by the Court in *In re Rainwater.* The Court will disallow this time in its consideration of Trustee's request, since imposing sanctions in the form of duplicative attorney fees would be unfairly punitive.

The signature of an attorney on a Chapter 7 petition constitutes a certificate that the attorney has read the document and that to the best of the attorney's knowledge, information, and belief *formed after reasonable inquiry* it is well grounded in fact and warranted by existing law.[8] The Court concludes that Bill Parker & Associates failed to meet this standard. Bill Parker & Associates filed Debtors' Chapter 7 petition without meeting Debtors, without counselling Debtors regarding the legal significance of the documents they were signing, and without reviewing any of Debtors' financial records.

Having reviewed the evidence in this Chapter 7 bankruptcy case and the procedures followed by Bill Parker & Associates and the results obtained by those procedures, the Court finds that the imposition of sanctions in the form of attorney fees is appropriate. Having considered the time

---

**6.** 11 U.S.C.A. § 105 (West Supp.1989).

**7.** R.Bankr.P. 9011.

**8.** *Id.*

expended by Trustee because of the failure of Bill Parker & Associates to comply with Rule 9011, the Court is persuaded that $95 in attorney fees should be assessed against Bill Parker & Associates. Accordingly, Trustee's request will be granted in the amount of $95.

An order in accordance with this opinion is attached hereto.

### ORDER

Based upon the attached and foregoing findings of fact and conclusions of law; it is

ORDERED that Bill Parker & Associates is denied an award of attorney fees; and it is further

ORDERED that Bill Parker & Associates pay to the office of William M. Flatau, Trustee, the sum of $210; and it is further

ORDERED that sanctions in the amount of $95 hereby are imposed upon Bill Parker & Associates; and it is further

ORDERED that Bill Parker & Associates hereby is directed to pay to William M. Flatau, Trustee, the sum of $95, which sum is to be paid within ten days of this order becoming final; and it is further

ORDERED that this order be entered on the docket on the date set out below.

SO ORDERED.