**Isaac ROBY, Jr.**

v.

**Officer George SKUPIEN.**

**No. 90 C 4104.**

United States District Court,
N.D. Illinois, E.D.

April 30, 1991.

See also 758 F.Supp. 471.

Isaac Roby, Jr., pro se.

David R. Schmidt, Lord, Bissell & Brook, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Isaac Roby has filed a *pro se* complaint against Officer George Skupien, a member of the Conrail police force, charging Officer Skupien with violating his constitutional rights. Since filing suit, Roby has attempted to recover attorney's fees as the attorney of record. His request was denied because he is proceeding as his own attorney in the case. To circumvent that problem, Roby sought the services of an attorney. In his letter requesting the services, Roby spelled out what he had in mind:

> Here's the play, I sued Conrail for 25 million dollars, I asked for the attorney fees, so they couldn't catch me up in "22", all I need for you to do for me is to step-up and say that you are the attorney of record, and file for my attorney fee's, I'll share it with you, I'm going to file for two & a half million in attorney's fees....

The court finds Roby's suggestion to be an inappropriate request for legal services. Moreover, his words are an indication of the sham nature of his lawsuit. Roby appears more preoccupied with the recovery of attorney's fees than the outcome of his suit. His use of the phrases "here's the play" and "they couldn't catch me up in '22'" support the conclusion that the suit is just another scam to obtain money, much like his bid for attorney's fees.

"There is ... well-established authority that this court has broad, inherent power to *sua sponte* dismiss an action ... which is frivolous, sham, vexatious or brought in bad faith." *Ramsey v. United States*, 448 F.Supp. 1264, 1276 (N.D.Ill.1978); *Rhinehart v. Stauffer*, 638 F.2d 1169, 1171 (9th Cir.1980). When the court uses its broad, inherent power to dismiss an action *sua sponte*, it is not necessary that the party be afforded notice or an opportunity to be heard. *Ramsey*, 448 F.Supp. at 1276.

The court finds that its inherent power should be utilized in this case. Roby's words and actions show that his suit was brought in bad faith. While a court is obliged to construe a *pro se* litigant's allegations liberally, a court need not countenance a sham lawsuit or a lawsuit brought in bad faith. Accordingly, Roby's suit is dismissed.