**In re Gregory SEAPHUS, Appellant.**

**No. 87 C 2832.**

United States District Court,
N.D. Illinois, E.D.

Nov. 4, 1987.

---

Gregory Seaphus, pro se.

John F. Brennan, Jaros, Tittle & O'Toole, Denise A. DeLaurent, L. Judson Todhunter, Holleb & Coff, Craig Phelps, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

WILLIAM T. HART, District Judge.

Appellant Gregory Seaphus, appearing *pro se*, appeals from the dismissal of Case No. 87 B 1855 by the United States Bankruptcy Court for the Northern District of Illinois. For the reasons stated below, this court affirms the order of the Bankruptcy Court.

## DISCUSSION

Mr. Seaphus filed a petition for relief under Chapter 13 of the Bankruptcy Code on April 10, 1986. That case was captioned Case No. 86 B 5618. The first creditors' meeting was scheduled for May 14, 1986. Mr. Seaphus failed to appear at the meeting and failed to file the required schedules. The trustee filed a motion to dismiss which the Bankruptcy Court granted on June 11, 1986.

Mr. Seaphus then filed a motion to vacate the order of dismissal, which was heard by Bankruptcy Judge John D. Schwartz. The trustee had indicated in a July 22, 1986 letter to Mr. Seaphus that he had no objection to reinstatement of Case No. 86 B 5618 as long as the missing bankruptcy schedules were filed with the motion to reinstate. Judge Schwartz then reinstated the case, subject to Mr. Seaphus's filing of the necessary schedules, statement of affairs and a plan on or before July 31, 1986. Reinstatement of the case also reinstituted the automatic stay; however, on July 22, 1986, a previously-scheduled sheriff's sale of Mr. Seaphus's property was held. Talman Home Mortgage Corporation, a secured creditor, brought a motion to vacate the order of dismissal, but the motion was later stricken.

Mr. Seaphus failed to file his schedules on or before July 31, 1986, as explicitly required by Judge Schwartz's July 22, 1986 order, and instead, did not file the schedules until August 4, 1986. Mr. Seaphus then also filed a motion to avoid the sheriff's sale and to hold Talman's attorneys in contempt of court. However, this motion was dismissed on November 19, 1986 for want of prosecution.

Mr. Seaphus appealed the Bankruptcy Court's orders in Case No. 86 B 5618 to this court in Case No. 86 C 10282. However, he subsequently filed a motion to withdraw the appeal and to terminate the case. That motion was granted by this court on February 9, 1987.

On February 5, 1987, Mr. Seaphus filed a new petition seeking relief under Chapter 13 of the Bankruptcy Code, captioned Case No. 87 B 1855. On February 19, 1987, Talman filed a motion to transfer the case. The motion was based on court rules and on the fact that Mr. Seaphus had a prior Chapter 13 proceeding, Case No. 86 B 5618, which had previously been heard by Judge Coar. Talman's motion was granted, and the reassignment was clearly in accordance with the rules of the Bankruptcy Court and this court.

Talman then filed a motion to dismiss the new case, Case No. 87 B 1855, on the ground that it was filed solely for the purpose of preventing the sheriff's sale by Talman. Mr. Seaphus failed to appear at the scheduled hearing on the motion to dismiss, although the record reflects that he was given proper notice. Talman's motion was granted, and the automatic stay terminated upon entry of the order of dismissal on February 25, 1987. Mr. Seaphus appealed to this court on March 24, 1987 and was permitted to file briefs. His briefs do not directly relate to the propriety of the Bankruptcy Court's order granting dismissal but rather attack the conduct of counsel and the adequacy of notice.

Mr. Seaphus's property was sold at a sheriff's sale on March 4, 1987. The re-

demption period was to have expired on September 4, 1987, but this court later granted a stay of the redemption period pending resolution of the issues on this appeal. Because of the *pro se* nature of this case, this court conducted its own independent review of the record. On September 14, 1987, based on the possibility of inadequacies in the record on appeal, this court remanded the case to the Bankruptcy Court for a determination as to whether Case No. 86 B 5618 was, in fact, properly dismissed on February 7, 1987, when Case No. 87 B 1855 was filed (and if not, whether an automatic stay was in effect when the sheriff's sale was later held).

On October 16, 1987, after reexamining the record in this case, the representations of the parties and offers of proof by Mr. Seaphus, the Bankruptcy Court issued an amended memorandum and order in which it concluded that Case No. 86 B 5618 had indeed been properly dismissed when Case No. 87 B 1855 was filed. Specifically, the Bankruptcy Court found that pursuant to the terms of the July 22, 1986 order, the failure of Mr. Seaphus to file the required documents on or before July 31, 1986 defeated the attempted reinstatement of the case under that order and caused the case to revert to the status it had prior to entry of the July 22, 1986 order—i.e., the case was dismissed.

After reviewing the record of the bankruptcy proceedings and the briefs of the parties, this court agrees with the Bankruptcy Court's findings and concludes that the filing of Case No. 87 B 1855 after the dismissal of Case No. 86 B 5618 was solely for the purpose of invoking the automatic stay and impermissibly frustrating the state court remedies of the secured creditor Talman. Mr. Seaphus's appeal is foreclosed by the prior dismissal, and entertaining Mr. Seaphus's claims again would result only in needless repetition and delay.

Mr. Seaphus has failed to demonstrate any grounds for vacating the February 27, 1987 dismissal order of the Bankruptcy Court. Although he continues to make various allegations of impropriety against the other parties and the attorneys in this case, these claims are purely collateral matters which are beyond the scope of this court's jurisdiction on this appeal. If Mr. Seaphus wishes to pursue these claims, he must do so in a separate proceeding.

IT IS THEREFORE ORDERED that the orders of the Bankruptcy Court in Case No. 87 B 1855 are affirmed and the motion of Talman to vacate the stay of proceedings and extension of redemption period is granted. Appellant is advised that if he wishes to appeal this order he must file a Notice of Appeal to the United States Court of Appeals for the Seventh Circuit with the Clerk of the Court, United States District Court, 219 South Dearborn Street, 20th Floor, Chicago, Illinois 60604, within 30 days from the date of entry of this order.