**In re JARTRAN, INC., Debtor.**

**Nos. 87 C 4989, 86 B 3691.**

United States District Court,
N.D. Illinois, E.D.

June 13, 1988.

convert the previous bankruptcy case, *Jartran I,* to a Chapter 7 liquidation. For the following reasons, we affirm the decision of the bankruptcy court.

## I.

The first issue we must decide is whether *Jartran II* has to be dismissed. If *Jartran II* must be dismissed, then the only way for Jartran to liquidate under the auspices of the bankruptcy code is to convert *Jartran I* to a Chapter 7 liquidation. This is because Jartran cannot modify the substantially consummated plan of reorganization confirmed in *Jartran I* to undertake a Chapter 11 liquidation, *see* 11 U.S.C. § 1127(b). The only alternative for a corporate debtor is to liquidate under Chapter 7.

If *Jartran II* is dismissed and *Jartran I* is converted, then the rights and priorities of Jartran's creditors will be determined in *Jartran I.* Fruehauf will then have an administrative priority for its claim for damages and expenses because the Master Leases were assumed and subsequently rejected before conversion. 11 U.S.C. § 365(g)(2)(A).

An action to determine the extent, nature, and priority of a creditor's claim against a debtor's estate is a "core proceeding" under 28 U.S.C. §§ 157(b)(1) and (b)(2)(B). *See, e.g., In re Bowling Green Truss, Inc.,* 53 B.R. 391 (Bankr.Ky.1985). Thus on review, we apply a clearly erroneous standard of review with respect to findings of fact, and *de novo* review to conclusions of law. *See In re Daniels–Head & Assoc.,* 819 F.2d 914, 917–19 (9th Cir.1987).

Judge Schwartz found that *Jartran I* and *Jartran II* were separate cases characterized by different objectives, assets and claims. 71 B.R. at 941. He found that *Jartran II* was not an attempt to modify the terms of the plan of reorganization, but was a good faith admission that Jartran was unable to continue operating as a going concern. *Id.* at 942. Thus as a factual matter, Judge Schwartz found that Jartran was acting in good faith in filing its second Chapter 11 proceeding. This factual determination is not clearly erroneous and we affirm it.

Judge Schwartz also decided that a serial Chapter 11 proceeding is allowed, provided it is filed in good faith. This

Gerald F. Munitz, Cory Lipoff, Winston & Strawn, Chicago, Ill., for Jartran, Inc.

Jack Penca, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill., for U.S.

Christine L. Olson, McKenna, Storer, Rowe, White & Farrug, Chicago, Ill., for Fruehauf Corp.

## MEMORANDUM OPINION AND ORDER

PLUNKETT, District Judge.

This is an appeal from a reported decision of the bankruptcy court, Judge Schwartz presiding. *In re Jartran, Inc.,* 71 B.R. 938 (Bankr.N.D.Ill.1987). A full understanding of that opinion is assumed. We shall not repeat the facts accurately set forth therein.

Fruehauf Corporation, the appellant, contends that Judge Schwartz erred in rejecting its application for an administrative priority in the pending bankruptcy case, *Jartran II.* Alternatively, Freuhauf contends that Judge Schwartz erred in denying its motion to dismiss *Jartran II* and to

ruling is a legal determination which we review *de novo*. We agree with Judge Schwartz that sequential Chapter 11 proceedings are permissible unless the second Chapter 11 petition is filed for an improper purpose. Section 109 of the Code defines who may be a debtor. The only restriction placed on entities who have been debtors before provides that no individual or family farmer may be a debtor if he had a case pending in the prior 180 days and certain other criteria are met. 11 U.S.C. § 109(g). No similar restriction is placed on corporate entities. Congress clearly knows how to exclude certain types of repeat debtors from the Bankruptcy Code; its failure to exclude repeat corporate debtors from section 109 indicates that generally corporations may file sequential bankruptcy petitions. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 522–23, 104 S.Ct. 1188, 1194–95, 79 L.Ed.2d 482 (1984). The safeguards against abuse of the bankruptcy process are a judge's inherent power to protect the integrity of the courts and specific provisions of the Code.

▆▆▆ The only Code provision explicitly authorizing involuntary dismissal of a Chapter 11 case is 11 U.S.C. § 1112(b). Section 1112(b) provides that a Chapter 11 case may be converted to a Chapter 7 proceeding or dismissed "for cause." Judge Schwartz correctly noted that section 1112(b) is discretionary in nature. 71 B.R. at 943. Judge Schwartz found that dismissal of *Jartran II* and conversion of *Jartran I* would not be in the best interest of the creditors and the estate. Judge Schwartz noted a "myriad" of administrative problems that would arise from conversion. 71 B.R. at 943–45. We cannot say that Judge Schwartz clearly erred in balancing the interests of the estate and the various creditors. We affirm Judge Schwartz's decision refusing to dismiss *Jartran II* and to convert *Jartran I*.

## II.

▆▆▆ Judge Schwartz found that Fruehauf is not entitled to an administrative priority in *Jartran II*. 71 B.R. at 943. We review this determination *de novo*. Section

365(g)(2) has been interpreted to mean that a creditor whose executory contract or lease has been assumed has an administrative priority if the debtor thereafter breaches the contract. *See, e.g., In re Multech Corp.*, 47 B.R. 747 (Bankr.N.D. Iowa 1985). Thus, Fruehauf received an administrative priority in *Jartran I*. Fruehauf does not have an administrative priority in *Jartran II*, however. *Jartran I* and *Jartran II* are different cases. Fruehauf is only entitled to whatever rights and priorities it deserves in *Jartran II*. The debtor in *Jartran II* never assumed the Master Leases. To the contrary, the Master Leases have been rejected in *Jartran II*. Thus, Fruehauf is not entitled to an administrative claim pursuant to section 365(g)(2)(A); rather, Fruehauf is a general, pre-petition creditor pursuant to section 365(g)(1). Judge Schwartz correctly rejected Fruehauf's administrative claim.

## III.

▆▆▆ Fruehauf also invokes 11 U.S.C. § 503(b) to obtain an administrative priority. Section 503(b) allows an administrative priority for the "actual, necessary costs and expenses of preserving the estate." Here again, the estate with which we are concerned is that in *Jartran II*. In no way can the Master Leases, which were entered into prior to *Jartran II*, be considered actual and necessary for the preservation of the estate in *Jartran II*. Moreover, all of Fruehauf's attendant expenses (costs of marshalling and repossessing the leased equipment) were incurred to preserve Fruehauf's property, not for the benefit of the estate as a whole. Judge Schwartz correctly rejected Fruehauf's claim for an administrative priority under section 503(b).

## IV.

The decision of the bankruptcy court is hereby AFFIRMED.