In re William McKISSIE and Brenda McKissie, Debtors.

Bankruptcy No. 89 B 07882.

United States Bankruptcy Court, N.D. Illinois, E.D.

July 27, 1989.

Craig Phelps, Chicago, Ill., Chapter 13 Trustee.

Cora Thompson–Burks, Chicago, Ill., for debtors.

Laura Wardinski, Codilis & Associates, P.C., Oakbrook Terrace, Ill., for movant Associates Nat. Mortg.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes to be heard on the motion of Associates National Mortgage Corporation ("Associates National") for an order modifying the automatic stay. A hearing was held on the motion on July 11, 1989. For the reasons set forth herein, the Court having considered all the pleadings and exhibits does hereby make additional findings and conclusions to supplement those made in open Court on July 11, 1989 when the motion for modification of the automatic stay was granted and the case dismissed with prejudice under 11 U.S.C. §§ 349(a) and 109(g)(2). The Court allows Associates National's motion for sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011 against Cora Thompson–Burks, attorney for the Debtors. Associates National is hereby awarded the sum of $953.00 for its reasonable attorneys fees and costs incurred.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain these motions pursuant to 28 U.S.C. § 1334 and General Orders of the United States District Court for the Northern District of Illinois. The motions constitute core proceedings under 28 U.S.C. § 157(b)(A), (G), (O).

## II. FACTS AND BACKGROUND

The Debtors filed their first Chapter 13 case on September 16, 1988. Associates National, the only secured creditor, holds a first mortgage on the Debtors' property at 4903 West St. Paul Street, Chicago, Illinois. Associates National timely objected to confirmation of the plan because the pre-petition arrearage claim would have been paid over a period of sixty nine months, an unreasonably long period of time, violative of 11 U.S.C. §§ 1322(b)(2), (5) and 1322(c). On December 7, 1988, the Court denied confirmation and modified the automatic stay. Subsequently, on January 17, 1989, no amended plan having been filed, Debtors' first case was dismissed pursuant to 11 U.S.C. § 1307(c) on the motion of the Chapter 13 Trustee.

On May 9, 1989, one day before a scheduled foreclosure sale of the property, Debtors filed an emergency motion to vacate the dismissal, reopen the case and reinstate the automatic stay as to Associates National. The Court denied the motion as insufficient under Bankruptcy Rule 9024 and Federal Rule of Civil Procedure 60(b). Within hours of the denial of the motion, the Debtors filed a second Chapter 13 case. In both cases, the Debtors were represented by Cora Thompson–Burks.

On June 6, 1989, Associates National filed a motion to modify the automatic stay. Associates National contends that the second case was filed in bad faith with no apparent change of circumstances to justify the filing. Further, Associates National claims that the Debtors possess no equity in the property. The balance due on the foreclosed delinquent mortgage now exceeds $65,000.00 on the loan which was originally made for $49,250.00. The Debtors were given leave to respond by or before June 20, 1989, and failed to do so.

On July 11, 1989, at the hearing on the motion to modify the stay, the Court made oral findings and conclusions and modified the stay to allow Associates National to proceed with its scheduled foreclosure sale. Debtors appeared with their counsel who orally moved to voluntarily dismiss the second Chapter 13 case. Associates National requested that any dismissal granted be with prejudice. The Court allowed the voluntary dismissal with prejudice under 11 U.S.C. §§ 109(g)(2) and 349(a). Leave was granted to submit additional pleadings by July 18, 1989, for the relief sought by way of costs, fees and sanctions. Further, the Court granted the Debtors leave to respond by or before July 21, 1989, reserved the right to make supplemental findings and conclusions contained in this Memorandum

Opinion and set the matter for hearing on July 25, 1989.

On July 18, 1989, Associates National filed a motion for sanctions, fees and costs. The motion seeks relief under Rule 11 of the Federal Rules of Civil Procedure for the costs ($253.00) and attorney's fees ($920.00) incurred in connection with the second case. Debtors' counsel did not file any response within the allowed time. Instead, on July 24, 1989, an untimely response to the motion to modify the stay was filed. Neither the Debtors nor their attorney of record appeared at the scheduled hearing on July 25, 1989. Instead, another attorney appeared advising that Cora Thompson–Burks needed more time to plead and was occupied with other business. The Court denied the oral request and took the matter under advisement.

### III. DISCUSSION

#### A. *Strategic Use of Serial Filings*

Bankruptcy courts are increasingly confronting the issue of good faith in serial cases. The main effect of serial filing is to achieve a continuing reimposition of the automatic stay, thereby delaying exercise of creditors' rights against their collateral. On occasion, serial filings attempt to circumvent the appeal process. Such repeat cases invariably increase the cost to creditors who hire counsel. Moreover, serial filings add an increased burden to the already congested calendars of many bankruptcy courts.

■ The Bankruptcy Code does not bar such filings, thus the filing of a second case or serial case is not *per se* bad faith. *See In re Ligon*, 97 B.R. 398 (Bankr.N.D. Ill.1989); *In re Metz*, 67 B.R. 462 (BAP 9th Cir.1986) *aff'd* 820 F.2d 1495 (9th Cir.1987); *In re Johnson*, 708 F.2d 865 (2d Cir.1983). The judicial response to serial filings varies. This variance probably results from a lack of definitive legislation as well as creative lawyering by counsel.

As a result, various combinations of recent cases show frequent use of the serial filing strategy. Some examples (not all inclusive) are the following: *In re Ed-*

*wards*, 87 B.R. 671 (Bankr.W.D.Okla.1988) ("Chapter 19" resulting from a Chapter 7 followed by successive Chapter 12 case); *In re Russo*, 94 B.R. 127 (Bankr.N.D.Ill. 1988) and *In re Ligon*, 97 B.R. 398 (Bankr. N.D.Ill.1989) ("Chapter 20" resulting from a Chapter 7 case followed by a Chapter 13); *In re Jartran*, 71 B.R. 938 (Bankr.N.D.Ill. 1987), *aff'd* 87 B.R. 525 (N.D.Ill.1988) ("Chapter 22" resulting from serially filed Chapter 11 cases); *In re Beswick*, 98 B.R. 900 (Bankr.N.D.Ill.1989) ("Chapter 24" resulting from successive Chapter 12 cases); and *In re McKillips*, 72 B.R. 565 (Bankr.N. D.Ill.1987) ("Chapter 36" resulting from the filing of Chapter 13, 12 and 11 cases in less than one year). Like *In re Seaphus*, 81 B.R. 11 (N.D.Ill.1987), Debtors' two Chapter 13 cases can be styled as a "Chapter 26" as the result of two successive Chapter 13 cases.

#### B. *The Good Faith Requirement*

■ Pursuant to Section 1325(a)(3) of the Bankruptcy Code, a plan may be confirmed if it has been proposed in good faith and is not forbidden by law. 11 U.S.C. § 1325(a)(3). The debtor bears the burden of proof of persuasion on the issue of compliance with the section 1325 criteria, including the good faith requirement. *In re Girdaukas*, 92 B.R. 373, 376 (Bankr.E.D. Wis.1988); *In re Stein*, 91 B.R. 796, 799 (Bankr.S.D.Ohio 1988). " 'The good faith requirement is one of the central, perhaps the most important confirmation finding to be made by the court in any Chapter 13 case.' " *In re Rimgale*, 669 F.2d 426, 431 n. 14 (7th Cir.1982) (quoting *In re Kull*, 12 B.R. 654, 658 (S.D.Ga.1981), *aff'd sub nom. In re Kitchens*, 702 F.2d 885 (11th Cir. 1983)).

■ The Bankruptcy Code, however, fails to define the term good faith. The Seventh Circuit has stated that the question of good faith must be determined on a case-by-case basis under the totality of the circumstances. *Rimgale*, 669 F.2d at 432–433; *In re Madison Hotel Associates*, 749 F.2d 410 (7th Cir.1984); *In re Smith*, 848 F.2d 813, 817 (7th Cir.1988). The Seventh Circuit also distinguishes good faith in filing from good faith in proposing a plan.

*Smith,* 848 F.2d at 820. Under the totality of circumstances test, the Court determines whether or not there has been an abuse of the bankruptcy provisions. *See In re Todd,* 65 B.R. 249, 253–255 [Bankr.N.D.Ill. 1986). A bona fide change in circumstances may justify a finding that the successive filing was proper. *Metz,* 820 F.2d at 1498.

■ Under the facts of this case, the Court finds that the second Chapter 13 case was filed in bad faith. The Debtors have not produced any evidence that there has been a bona fide objective change in their circumstances since the filing and dismissal of the first Chapter 13 case to justify the filing of their serial case. *Compare In re Chisum,* 847 F.2d 597 (BAP 9th Cir.1988) *cert. denied,* — U.S. ——, 109 S.Ct. 228, 102 L.Ed.2d 218 (1988) (bona fide change in circumstances justified the debtor's multiple filings). Debtors' voluntary dismissal of the serial Chapter 13 at the hearing on the motion to modify the stay, coupled with the failure to offer any evidence as to a change in circumstances, allows the Court to reasonably infer that the filing of this case was done solely to delay the foreclosure sale.

In the response to the motion to modify the stay, the Debtors claim that William McKissie obtained at various times three part-time nominal paying jobs since March 1989 and thus the second case was filed in good faith. The anomaly of such assertion is apparent by the fact that they voluntarily moved to dismiss the second case on July 11, 1989, two weeks prior to their late response. Moreover, how could his admitted "unstable employment" objectively justify either the filing of the second case or proposing an apparently unworkable plan? Good faith requires much more than the history of this case has shown.

■ It is a misuse of the bankruptcy process to file one case, then, failing to achieve the intended goals, to refile a second case. *In re Jackson,* 91 B.R. 473 (Bankr.N.D.Ill.1988). Refiling the second case rather than taking an appeal in the first case circumvents the appeal process. *In re Beswick,* 98 B.R. 900, 904 (Bankr.N. D.Ill.1989). In the case at bar, the imposition of the automatic stay was obtained against Associates National upon refiling the second case. Debtors made no attempt to perfect an appeal of the properly dismissed first case, nor timely file any amended plan, nor show any objective change in circumstances justifying the filing of the second case which they have since voluntarily dismissed.

Several courts have held that when a bankruptcy case has been filed only for the purpose of inhibiting or forestalling a foreclosure action on the debtor's assets and without the intention of financial rehabilitation, the case should be dismissed as having been filed in bad faith. *See In re Wentworth,* 83 B.R. 705 (Bankr.D.N.D. 1988); *In re Lunsford,* 39 B.R. 490 (Bankr. N.D.Ga.1984); *In re Crestwell,* 30 B.R. 619 (Bankr.D.Col.1983).

*In re Russo,* 94 B.R. 127 (Bankr.N.D.Ill. 1988) typifies the abusive serial case. Judge DeGunther noted that "the automatic stay is one of the most powerful weapons known to the law. It arises not from an order of court after a hearing on the merits, but upon the mere filing of the case ... In the absence of extraordinary circumstances, its reimposition in a second case ... should not be viewed with favor by the courts." *Id.* at 129. In *Russo* a Chapter 13 case was filed less than one month subsequent to the closing of a Chapter 7 case. That serially filed Chapter 13 was dismissed when the purpose for filing was to compel a mortgagee to accept payments on an effectively nonrecourse mortgage rather than foreclose. In the case at bar, it is blatantly obvious that the filing was made solely to delay the scheduled foreclosure sale.

### C. *Dismissal with Prejudice*

Dismissal with prejudice should serve as an effective deterrent to the Debtors to bar future filings. Section 109(g) of the Bankruptcy Code provides:

(g) Notwithstanding any other provision of this section, no individual or family farmer may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if—

(1) the case was dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case; or

(2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

11 U.S.C. § 109(g).

Section 349(a) of the Bankruptcy Code provides:

(a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(f) of this title.

11 U.S.C. § 349(a).

Under normal circumstances, section 109(g)(2) would impose a 180–day period from the date of the voluntary dismissal of the case before the Debtors could again be eligible for relief under the Bankruptcy Code. The voluntary dismissal requested and obtained on July 11, 1989, was made after the motion to modify the stay was filed and set for hearing. Though sparse, the legislative history clearly shows that that provision was added to provide the court with greater authority to control abusive, multiple filings. S.Rep. No. 98–65, 98th Cong.; 1st Sess. 74 (1983). As Judge DeGunther aptly noted in *In re Lerch*, 85 B.R. 491, 494, n. 2 (Bankr.N.D.Ill.1988) *aff'd Lerch v. Federal Land Bank*, 94 B.R. 998 (N.D.Ill.1989), section 109(g) only touches the tip of the "abuseberg." In the decision affirming *Lerch*, Judge Roszkowski found that section 349(a) clearly affords a bankruptcy court the discretionary power to determine that there is cause for a dismissal with prejudice. He also noted the bankruptcy court can use its own factors to determine what may constitute cause.

The circumstances of this case, including the fact that it was filed just hours after the Court denied the motion to reopen the first case, warrants the imposition of dismissal with prejudice under section 349(a) and a prohibition on the filing of another case, other than Chapter 7, for a period of one (1) year. The undisputed facts and history of these cases by which the Debtors have attempted a failed and abusive "Chapter 26" show sufficient cause for the discretionary application of section 349(a) and a dismissal with prejudice for a period of one (1) year, other than the filing of a Chapter 7 case.

### D. *Sanctions Under Bankruptcy Rule 9011*

Several courts have sanctioned attorneys for bad faith multiple filings. *See In re Nelkovski*, 46 B.R. 542 (Bankr.N.D.Ill. 1985); *In re Gary*, 38 B.R. 675 (Bankr.D. Md.1984) (court sanctioned debtor's counsel for filing Chapter 13 to gain leverage for negotiation of a forbearance agreement); *In re Crestwell*, 30 B.R. 619 (Bankr.D.Col. 1983).

Federal Rule of Bankruptcy Procedure 9011 is analogous to Federal Rule of Civil Procedure 11 and imposes sanctions under similar circumstances as Rule 11. Bankruptcy Rule 9011(a) provides in relevant part:

The signature of an attorney or a party constitutes a certificate that the attorney or party has read the document; ... and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation.... If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

Fed.R.Bankr.P. 9011.

The Debtors' Chapter 13 petition was attached to and filed simultaneously with

the schedules and statement of affairs, which were signed by the McKissies. It included a disclosure of compensation paid or promised to Cora Thompson–Burks. Such disclosure was signed by Cora Thompson–Burks as was the response to the motion to modify the stay. Thus, the potential for sanctions under Rule 9011 was triggered by the filing of the serial case on May 9, 1989 and the untimely filing of the response.

■ Because Bankruptcy Rule 9011 and Rule 11 are analogous, the authorities construing Rule 11 are applicable to the case at bar. The Court has jurisdiction to impose sanctions under these rules. *In re TCI, Ltd.,* 769 F.2d 441, 448 (7th Cir.1985); *In re Chicago Midwest Donut, Inc.,* 82 B.R. 943 (Bankr.N.D.Ill.1988). The primary purpose of both rules is to deter unnecessary filings for the benefit of the judicial system. *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077–1080 (7th Cir.1987). It is well established that "[t]he standard for imposing sanctions under Rule 11 is an objective determination of whether sanctioned party's conduct was reasonable under the circumstances." *Brown v. Federation of State Medical Boards.,* 830 F.2d 1429, 1435 (7th Cir.1987). Subjective bad faith is no longer the inquiry. *See, e.g., Brown,* 830 F.2d at 1435.

Rule 11 contains two grounds for sanctions. The first ground is the "frivolousness clause." *Brown,* 830 F.2d at 1435. The Court will not impose sanctions under the first ground. The second ground is the "improper purpose" clause. *Id.* at 1436. This ground provides that a motion, pleading, or other document may not be interposed for the purposes of delay, harassment, or increasing the cost of litigation. An objective standard is used to assess whether the party or attorney acted with an improper purpose. *Thornton v. Wahl,* 787 F.2d 1151 (7th Cir.1986) *cert. denied,* 479 U.S. 851, 107 S.Ct. 181, 93 L.Ed.2d 116 (1986).

■ In *Crestwell,* Rule 9011 was applied and an attorney was sanctioned for improperly filing a Chapter 13 petition solely to invoke the stay and prevent a foreclosure sale. Such sanction was imposed for counsel's abuse of the bankruptcy process. Like *Crestwell,* the Court finds that this serial Chapter 13 case was filed solely for the purpose of delaying the foreclosure proceeding. The Court is under no misapprehension that the Debtors conceived the idea for or prepared the pleadings filed in this case. Debtors' counsel did, hours after denial of a motion to reopen the dismissed first case. Such motion was devoid of any merit. Counsel's tardy response and her failure to appear at the hearing on the motion for sanctions demonstrates a continuing pattern of delay. This is an abusive and dilatory tactic which will not be condoned. Such pattern of dilatory conduct patently constitutes a violation of Rule 9011. This is precisely the type of action proscribed by Rule 9011 warranting an imposition of sanctions.

The Court does hereby impose sanctions pursuant to Rule 9011 upon Cora Thompson–Burks in the amount of $700.00 for attorneys fees for seven (7) hours of attorney's time at $100.00/hour reasonably incurred by Associates National plus $253.00 in publication costs incurred incidental to a scheduled foreclosure sale. The sum of $220.00 sought for secretarial/paralegal work is denied. The services claimed relate to normal overhead costs which are reflected in the attorney's hourly billing rate and thus are not entitled to a separate award.

Counsel's conduct merits sanction which will serve to compensate Associates National for its reasonably incurred costs and fees attendant to the motions and work performed in this case and deter Debtors' counsel from embarking on a similar course of abusive dilatory tactics in the future. Moreover, the Court has the additional power to sanction counsel under 28 U.S.C. § 1927 for bankruptcy filings made solely for the purpose of delay. *Cf. In re Bayport Equities Corp.,* 36 B.R. 575 (Bankr.C.D.Cal.1983) (imposition of sanctions upon debtor and debtor's counsel for filing petitions for the purpose of delay). The same result would be obtained under 28 U.S.C. § 1927 as under Rule 9011.

## IV. CONCLUSION

For the foregoing reasons, the Court does hereby confirm its prior Orders allowing the motion for modification of the automatic stay and dismissing the Chapter 13 case with prejudice pursuant to 11 U.S.C. §§ 109(g)(2) and 349(a). The Court does hereby impose sanctions under Rule 9011 on Cora Thompson–Burks in the amount of $953.00 in favor of Associates National.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.