**In re Howard John PENZ, SSN 469–50–3389, Deanne Penz, SSN 388–42–6062, Debtors.**

**Bankruptcy No. 90–71108.**

United States Bankruptcy Court, E.D. Oklahoma.

Oct. 24, 1990.

Penz, pro se.

Dominic Sokolosky, Tulsa, Okl., for Farm Credit Bank.

## ORDER

JAMES E. RYAN, Bankruptcy Judge.

On October 10, 1990, this Court conducted a hearing with regard to the Motion to Dismiss with Prejudice filed by Farm Credit Bank (Docket Entry No. 3) with an Objection to October 4, 1990 Order and Notice of Hearing, and Motion for Continuance filed by the Debtors (Docket Entry No. 7). Appearances were entered at said hearing by Dominic Sokolosky on behalf of Farm Credit Bank; Howard Penz, the Debtor appearing pro se; and Robert Hemphill, the Chapter 12 Trustee. On the date of the hearing, the Debtors filed a Motion to Consolidate Chapter 12 Cases (Docket Entry No. 8) and a Motion for Valuation Pursuant to 11 U.S.C. § 506 (Docket Entry No. 9).

Just prior to the hearing, the Debtors also filed a Motion for Continuance which was denied by this Court in an interlocutory Order from the bench.

After review of the above-referenced pleadings and consideration of the statements of the parties appearing at the hearing, this Court does hereby enter the following Findings of Fact and Conclusions of Law in conformity with B.R. 7052 in this core proceeding:

## STATEMENT OF ISSUE

The pleadings and circumstances in this case give rise to a single issue; namely, whether this case should be dismissed and whether that dismissal should be with prejudice to the Debtors filing future Petitions in bankruptcy due to the Debtors' prior conduct.

## FINDINGS OF FACT

The Debtors, Howard and Deanne Penz, have filed for relief under the Bankruptcy Code on four separate occasions, either filing directly in this District or filing in the United States Bankruptcy Court for the Western District of Oklahoma and subsequently transferring to this District. As a result, the events which transpired in these prior cases are of paramount importance to this Court's ruling in this case.

*In re Penz, Case No. 89–70451, Chapter 12*

1. On April 21, 1989, the Debtors filed a Petition seeking relief under Chapter 12 of the United States Bankruptcy Code in this District.

2. On September 1, 1989, this Court conducted a hearing to consider the confirmation of the Debtors' Chapter 12 Plan.

3. On September 13, 1989, this Court denied the confirmation of the Debtors' Plan and entered an Order accordingly. Due to the inability of the Debtors to effectuate a Plan, this Court ordered that the Debtors either convert or dismiss this case.

4. On September 22, 1989, the Debtors filed a Motion for New Trial which was subsequently denied on October 13, 1989 by appropriate Order.

5. On October 12, 1989, the Debtors filed a Motion to Dismiss which was granted by Order entered October 18, 1989.

*In re Penz, Case No. 90–70174, Chapter 7*

1. On February 15, 1990, the Debtors herein filed a Petition seeking relief under Chapter 7 of the United States Bankruptcy Code in this District.

2. On March 23, 1990, the automatic stay was modified to allow Farm Credit Bank to proceed to foreclosure on the real property which comprised the Debtors' farming operation. By the same Order, the property was deemed abandoned by the Trustee.

3. On March 15, 1990, the Debtors received a Discharge in the Chapter 7 proceeding.

4. On May 30, 1990, the Debtors converted the Chapter 7 proceeding to one under Chapter 12 of the United States Bankruptcy Code. This case remains pending in this Court.

*In re Penz, Case No. 90–70683 (Western District Case No. 90–03481–BH), Chapter 12*

1. On May 29, 1990, the Debtors filed a Petition seeking relief under Chapter 12 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Oklahoma.

2. On June 15, 1990, the Bankruptcy Court in the Western District entered an Order transferring this case to this District due to filing in an improper venue.

3. On July 10, 1990, this case was dismissed due to the pendency of Case No. 90–70174.

*In re Penz, Case No. 90–71108 (Western District Case No. 90–06221–LN), Chapter 12*

1. On September 14, 1990, the Debtors initiated another Chapter 12 proceeding in the United States Bankruptcy Court for the Western District of Oklahoma.

2. On September 26, 1990, the Bankruptcy Court for the Western District transferred this case to this District, due to the Debtors having filed in an improper venue. The Motion to Dismiss which is currently before this Court was pending at the time of transfer.

The Debtors filed the cases in the Western District on the eve of the confirmation of the sale of Farm Credit Bank's collateral in each instance, in an attempt to reinvoke the automatic stay and forestall the confirmation of the sale.

Prior to the hearing on the Motion to Dismiss, this Court was contacted by Mr. Ray Fargason, who stated that he did not represent the Debtors in this particular case emanating from the Western District of Oklahoma. However, the Objection filed to the Motion to Dismiss clearly reflects the Debtor's signature on behalf of Mr. Fargason.

## CONCLUSIONS OF LAW

A. The Debtors in this case have engaged in a pattern of serial bankruptcy case filings in an effort to frustrate Farm Credit Bank's sale of its collateral. Clearly, Farm Credit Bank is entitled to proceed and have the sale of its collateral confirmed. Such an obvious effort to frustrate the rights of Farm Credit Bank raises a serious question as to the Debtors' good faith. See *In re Pryor*, 54 B.R. 679 (Bankr.D.S.C.1985), *Buffkin v. Puckett*, 745 F.2d 50 (4th Cir.1984). Although the Bankruptcy Code does not specifically address abusive, serial filings, we are convinced that it could not have been the intent of the framers of the Bankruptcy Code that a debtor be allowed to deny a creditor his right to possession of property pledged as security after the debtor has exhausted every avenue of relief which he could conceivably expect under the mandates of the United States Bankruptcy Code and Rules. As has been stated in prior case law, "The automatic stay is one of the most powerful weapons known to the law. It arises not from an order of court after a hearing on the merits, but upon the mere filing of the case ... In the absence of extraordinary circumstances, its reimposition in a second case ... should not be viewed with favor by the courts." *In re Russo*, 94 B.R. 127, 129 (Bankr.N.D.Ill.1988).

As a result, we must find that the Debtors are abusing the bankruptcy process in their serial filings and egregious conduct and thus are in bad faith in the filing of this Petition.

B. Upon the finding of bad faith, numerous Courts have found that a case may be dismissed. See *In re Wentworth*, 83 B.R. 705 (Bankr.D.N.D.1988); *In re Lunsford*, 39 B.R. 490 (Bankr.N.D.Ga.1984); *In re Crestwell*, 30 B.R. 619 (Bankr.D.Colo. 1983). The facts and circumstances of this case warrant such a dismissal. The sole question remaining is whether this dismissal should be with prejudice. Normally, a case is dismissed without prejudice to refiling unless the Court determines that sufficient "cause" exists to dismiss with prejudice. 11 U.S.C. § 349(a). See also *In re McKissie*, 103 B.R. 189, 192–93 (Bankr.N. D.Ill.1989).

In the instant case, we find that the only way to prevent the Debtors from continuing to abuse the bankruptcy process and the rights of Farm Credit Bank is to dis-

miss this case with prejudice to the filing of any Petition seeking relief under Chapter 11, 12 or 13 of the United States Bankruptcy Code for a period of one hundred eighty (180) days. See *Lerch v. Federal Land Bank of St. Louis,* 94 B.R. 998 (Bankr.N.D. Ill.1989); *In re McKissie,* supra, at p. 193.

█ C. The misrepresentations by Mr. Fargason concerning his relationship to the Debtors in this case constitutes a sanctionable offense. See B.R. 9011 and *In re McKissie,* supra, at p. 193–194. It is apparent from the Objection on file that at the very least, Mr. Fargason aided the Debtors in the preparation of pleadings while representing to this Court that he had no connection to the serial filing in the Western District of Oklahoma of this case. As a result of this misrepresentation, Mr. Fargason will be prohibited from filing on behalf of these Debtors a Petition seeking relief under Chapter 11, 12 or 13 of the United States Bankruptcy Code. Should Mr. Fargason violate this prohibition, further sanctions may be warranted.

IT IS THEREFORE ORDERED that this case is dismissed for the reasons stated herein. The Debtors, Howard and Deanne Penz, are prohibited from filing a Petition seeking relief under Chapter 11, 12 or 13 of the United States Bankruptcy Code for the next succeeding one hundred eighty days (180) following the date of entry of this Order.

IT IS FURTHER ORDERED that Mr. Ray Fargason is likewise prohibited from filing a Petition on behalf of these Debtors seeking relief under Chapter 11, 12 or 13 of the United States Bankruptcy Code for the next succeeding one hundred eighty (180) days following the date of entry of this Order.

IT IS FURTHER ORDERED that the Motion for Valuation Pursuant to 11 U.S.C. § 506 is hereby rendered moot by the dismissal of this case.

IT IS FURTHER ORDERED that the Debtors' Motion to Consolidate Chapter 12 Cases is hereby denied due to the dismissal of both cases referenced in the Motion which the Debtors seek to consolidate.

IT IS FURTHER ORDERED that the Chapter 12 Trustee file a Final Account within fifteen (15) days of the entry of this order.