**In re Nathaniel DOSS, aka Nate Doss, Debtor.**

**Bankruptcy No. 91–31463.**

United States Bankruptcy Court, N.D. Ohio, W.D.

May 13, 1991.

Anthony B. DiSalle, Toledo, Ohio, trustee.

OPINION AND ORDER SUSTAINING OBJECTION TO CONFIRMATION, DISMISSING CHAPTER 13 CASE AND PROHIBITING REFILING

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon the objection of trustee to confirmation and motion to dismiss chapter 13 case with prejudice, to which no response has been filed. Upon consideration thereof, the court finds that said objection is well taken and should be sustained, that Debtor's case should be dismissed and that Debtor should be prohibited from filing any petition for relief under the Bankruptcy Code for a period of one year.

FACTS

The facts surrounding Debtor's petition are adequately set forth in the trustee's instant objection to confirmation and motion to dismiss. Suffice it to state that Debtor's wife filed a petition under chapter 13 on June 22, 1984; that, subsequently, she voluntarily dismissed it on September 14, 1984. Debtor's wife also filed a chapter 13 petition on March 6, 1986, which she voluntarily dismissed on June 20, 1986. Debtor and his wife filed a joint chapter 13 petition on February 15, 1990. That case was deconsolidated and Debtor continued his petition under chapter 7. On April 12, 1991, Debtor filed the instant chapter 13 petition; his chapter 7 petition remains pending.

Throughout these filings, First Federal Savings and Loan Association of Toledo and Gilbert Bucholz, creditors of Debtor and his wife, have been actively involved. That is, Mr. Bucholz, in Debtor's wife's first chapter 13 case, filed an objection to confirmation of plan and application to abandon real estate and for relief from stay, reflecting a judgment in foreclosure and order of sale awarded him on March 27, 1984 in the Lucas County Common Pleas Court. Mr. Bucholz also filed an objection to confirmation and application to abandon and motion for relief from stay in Debtor's wife's second chapter 13 case. First Federal filed a motion to dismiss Debtor's wife's chapter 13 case on July 30, 1990, claiming that Debtor's wife had failed to make any payments to it during the pendency of that case. The parties entered into a stipulation resolving that motion which provided Debtor's wife 30 days to

cure her default, otherwise, First Federal would proceed with a sheriff's sale. The instant chapter 13 case was filed 48 minutes prior to that scheduled sheriff's sale.

### DISCUSSION

■ Initially, the court finds that Debtor's instant case must be dismissed as his chapter 7 case is still pending. *In re Jackson*, 108 B.R. 251, 252 (Bkrtcy.E.D.Cal. 1989) (the weight of authority holds that once a bankruptcy case is filed, a second case which affects the same debt cannot be maintained (citations omitted)). Debtor has a pending chapter 7 case; the instant chapter 13 case must, then, be dismissed.

■ Additionally, the Code has an implied requirement of good faith in filing a bankruptcy petition, *In re Turner*, 71 B.R. 120 (Bkrtcy.D.Mont.1987), the lack of which is cause for dismissal. *In re Natural Land Corp.*, 825 F.2d 296 (11th Cir. 1987). *See also Wickliffe*, 106 B.R. 470 (Bkrtcy.W.D.Ky.1989) (good faith is an amorphous concept which is nonetheless tightly woven in the fabric of cases filed under chapters 11, 12 and 13); *In re Galloway Farms, Inc.*, 82 B.R. 486 (Bkrtcy. S.D.Iowa 1987) (number of courts consider lack of good faith as cause for dismissal).

In *In re Caldwell*, 851 F.2d 852 (6th Cir.1988), the court adopted a legal standard governing good faith as it applied to confirmation of a chapter 13 plan. Factors for the court's consideration are:

(1) the amount of the proposed payments and the amount of the Debtor's surplus;

(2) the Debtor's employment history, ability to earn and likelihood of future increases in income;

(3) the probable or expected duration of the plan;

(4) the accuracy of the plan's statements of the debts, expenses and percentage repayment of unsecured debt and whether any inaccuracies are in an attempt to mislead the court;

(5) the extent of preferential treatment between classes of creditors;

(6) the extent to which secured claims are modified;

(7) the type of debt sought to be discharged and whether any such debt is nondischargeable in chapter 7;

(8) the existence of special circumstances such as inordinate medical expenses;

(9) the frequency with which the Debtor has sought relief under the Bankruptcy Reform Act;

(10) the motivation and sincerity of the Debtor in seeking chapter 13 relief; and

(11) the burden which the plan's administration would place upon the trustee.

\* \* \* \* \* \*

[supplemented with]

(1) whether the Debtor is attempting "to abuse the spirit of the Bankruptcy Code", is a legitimate factor to consider;

(2) "good faith" does not necessarily require substantial repayment of the unsecured claims.

*Id.* at 859 (citations omitted). Additionally, many courts adopt a totality analysis in determining the existence of bad faith. *In re Jacobs*, 102 B.R. 239, 241 (Bkrtcy. E.D.Okla.1988). This analysis considers rapid, consecutive filings, often referred to as a chapter 20, Debtor's state of mind, his past actions and the cumulative effect thereof. *Id.* at 241, 243.

Filing in order to halt a foreclosure, frustrating legitimate efforts of a creditor to enforce its rights under state law, is further indicia of bad faith. *See In re Oakbrook Village, Inc.*, 108 B.R. 838 (Bkrtcy. S.D.Ga.1989); *Galloway Farms, Inc.*, 82 B.R. at 490 (Debtor's multiple filings and involving creditor in extensive state court litigation for four years and filing the instant petition near the end of a state court action, frustrating and delaying creditor's ability to enforce its rights against Debtor, necessitated dismissal). Furthermore, a number of courts have held that a Debtor's successive filings constitute prima facie evidence of bad faith, necessitating Debtor's affirmative showing of the existence of good faith and a change in circumstances between the filings. *See Wickliffe*, 106 B.R. at 473; *Oakbrook Village, Inc., supra*.

 Upon review of the record, the court finds that Debtor has acted in bad faith and his petition should be dismissed. That is, Debtor and his wife have engaged in serial filings, frustrating and delaying creditors, Gilbert Bucholz and First Federal, ability to enforce their rights against Debtor. These filings have the effect of continuing, and reimposing, the automatic stay, preventing creditors from exercising their rights against their collateral. *In re McKissie*, 103 B.R. 189, 191 (Bkrtcy. N.D.Ill.1989). That is,

[s]everal courts have held that when a bankruptcy case has been filed only for the purpose of inhibiting or forestalling a foreclosure action on the Debtor's assets and without the intention of financial rehabilitation, the case should be dismissed as having been filed in bad faith.

\* \* \* \* \* \*

In the case at bar, it is blatantly obvious that the filing was made solely to delay the scheduled foreclosure sale.

*Id.* at 192 (citations omitted). Furthermore, it appears that Debtor and his wife's filings have been aimed at forestalling the foreclosures of Gilbert Bucholz and First Federal. Such a purpose may not be condoned by this court.

 Finally, Debtor should be prohibited from filing another petition for relief under the Bankruptcy Code for a period of one year. The court has found cause for dismissal with prejudice and, further, that Debtor's conduct mandates such prohibition. *See McKissie*, 103 B.R. at 193 (the circumstances of this case warrants the imposition of dismissal with prejudice and a prohibition on the filing of another case, other than a chapter 7, for a period of one year); *Lerch v. Federal Land Bank of St. Louis*, 94 B.R. 998 (N.D.Ill.1989). In light of the foregoing, it is therefore

ORDERED that Debtor's chapter 13 petition be, and it hereby is, dismissed. It is further

ORDERED that Debtor shall not file, and the Clerk of Court shall not accept from the Debtor for filing, another petition for relief under the Bankruptcy Code before May 13, 1992.